UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

HERBERT BYNUM, JR., ET AL

VERSUS

WEST BATON ROUGE PARISH SCHOOL
SYSTEM, ET AL

CIVIL ACTION

NUMBER 09-776-RET-SCR

**RULING ON MOTION FOR PROTECTIVE ORDER**

Before the Court is the Defendant's Motion for Protective Order.  Record document number 22.  The motion is opposed.[1]

Plaintiffs served discovery requests seeking production of the "personnel records" of the individual defendants and Brenda Paul and Geraldine Bynum.  Defendants moved for entry of a protective order.[2]  Defendants proposed that any documents produced by them which constitute all or part of a "personnel file" shall be subject to a protective order, and if such documents are filed with the court, shall be filed under seal.  Defendants proposed that the terms "personnel file" and "personnel records" should have the definition associated with "personnel file" under LSA-R.S. 17:1233(2).

Plaintiffs opposed the motion, arguing that the individual defendants, Paul and Bynum were public employees of the West Baton

---

[1] Record document number 24.

[2] A proposed protective order was not submitted with the motion.

Rouge Parish School System at all times pertinent to this litigation.  Consequently, the plaintiffs argued, whether the contents of their personnel files is confidential, and disclosure of the contents of their personnel files, is controlled by LSA-R.S. 44:11.

Entry of a protective order pursuant to Rule 26(c)(1), Fed.R.Civ.P., requires a showing of good cause.

The State of Louisiana has determined by legislation what information in the personnel file of a public employee is confidential.  Defendants have not shown good cause, or even offered a good reason, to expand confidentiality beyond what is required by R.S. 44:11.

Defendants also relied on LSA-R.S. 17:1237(A), noting that it provides, in part, that "[t]he contents of a school employee's personnel file shall not be divulged to third parties absent the express written consent of the school employee, except when ordered by a court or by subpoena ..."[3]  In response, the plaintiffs argued that this provision does not trump R.S. 44:11 because R.S. 17:1238 provides as follows: "Nothing in this Part shall be construed to supercede the provisions of Chapter 1 of Title 44 of the Revised Statues of 1950 to extent that those provisions otherwise apply."

Plaintiffs' argument is persuasive.  Defendants cannot rely on

---

[3] Defendants did not argue that the plaintiffs' discovery requests do not constitute a court order or subpoena within the meaning of R.S. 17:1237.

R.S. 17:1327(A) to make confidential information in the personnel files which is not designated as confidential by R.S. 44:11 because R.S. 17:1327(A) addresses who has access to the school employee's personnel file, not whether the information in that file is confidential.

Defendants also cited LSA-R.S. 44:4.1. That statute lists in Subsection B various "exceptions, exemptions and limitations" to the state's Public Records Act, including R.S. 17:1237, and continues them in effect. It is simply a list of the various "exceptions, exemptions and limitations"; it does not purport to create any new ones, or expand or modify any of the existing ones.

Plaintiffs have already agreed to maintain the confidentiality of any medically related records of current or former employees.[4] To the extent that any documents contain bank account information, telephone numbers, addresses or Social Security numbers, the plaintiffs also agree to maintain that information as confidential.[5] This is sufficient. Defendants have not shown good cause for the overbroad protective order they sought.

Accordingly, the Defendants' Motion for Protective Order is denied.

Baton Rouge, Louisiana, April 15, 2010.

*signature: Stephen C. Riedlinger*

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

---

[4] Record document number 24, opposition memorandum, pp. 5-6.

[5] *Id.*

3