UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

HERBERT BYNUM, JR. &
DEVLIN DUKES, individually
and on behalf of their minor child
DB

VERSUS

WEST BATON ROUGE PARISH
SCHOOL SYSTEM, ET AL.

CIVIL ACTION

NO. 09-776-BAJ

## RULING ON MOTION TO DISMISS

This matter is before the Court on a motion by defendants, West Baton Rouge Parish School Board, Cheryl Prendergast, Sharon Kaye French, and David Strauss ("defendants") to dismiss for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) (doc. 16). Plaintiffs, Herbert Bynum, Jr. and Devlin Dukes, individually and on behalf of their minor child, D.B. ("plaintiffs"), have opposed the motion (doc. 23). Jurisdiction is based on 28 U.S.C. §1331 and 28 U.S.C. §1367.

## FACTS AND BACKGROUND

D.B. is an autistic special education student who attended Cohn Elementary School ("Cohn") from August 15, 2008 through September 23, 2008; and was eight years old when the alleged events at issue occurred (complaint, ¶4). According to plaintiffs, D.B.'s mother removed him from Cohn "out of concern for his immediate

safety and physical and emotional well being" (complaint, ¶4). The Due Process Hearing Opinion states that D.B. neither returned to school that year, nor was home schooled (doc. 10). Plaintiffs allege that D.B. attended school for the 2009-2010 school year in West Baton Rouge Parish (complaint, ¶4). According to plaintiffs, D.B.'s condition renders him non-verbal, and during the 2008-2009 school year he functioned on a 12-36 month age level (complaint, ¶8). Plaintiffs allege that D.B. required special educational tools, learning aides, services, and support; and did not transition well to Cohn (the 2008-2009 school year was his first at Cohn) (complaint, ¶9-12; doc. 10).

Plaintiffs also allege that D.B.'s special education teacher, Ms. Prendergast, "continuously referred to the students, including D.B., as 'a bunch of retards', 'animals', and 'monkeys'" (complaint, ¶17). Plaintiffs furthermore allege that "[w]hile the special education teacher continued to work with a Caucasian student, she refused to work with and teach D.B., based on his race, African American" (complaint, ¶18). Additionally, plaintiffs allege that "Ms. Prendergast instructed the paraprofessionals to put their hand [sic] over D.B.'s mouth to quiet him" (complaint, ¶19). According to plaintiffs, around August 21, 2008, Mrs. Prendergast:

> committed a battery upon the person of D.B., pushing him with open hands on his chest to force him to sit down in his desk.... The paraprofessional reported this incident on the same day to the [sic] Principal French's office. French instructed Ms. Paul to return to the classroom and took no further action. At no time were D.B.'s parents notified of this report or of the battery upon their child.

2

(Complaint, ¶20).  Plaintiffs also allege that:

> In September of 2008, after D.B. allegedly took an item from Ms. Prendergast's desk and laid [sic] on the floor with it, Ms. Prendergast committed yet another battery on the minor child, kicking D.B. at least three (3) times on his legs, stating, "how do you like that"? Ms. Paul [the paraprofessional] reported the kicking to Principal French and submitted a statement to the WBR School Board...no notice of this behavior or of Ms. Paul's report was ever given to the parents of D.B. by the school or the WBRPSS [West Baton Rouge Parish School System].

(Complaint, ¶22).

Plaintiffs filed suit in this Court on September 18, 2009 (complaint).  Prior to filing suit, plaintiffs filed a complaint with the Louisiana Department of Education and the West Baton Rouge Parish School Board ("School Board") on January 14, 2009. Plaintiffs alleged in their complaint that the School Board "failed to implement D.B.'s IEP [individualized education program] and violated the requirements of the IDEA [Individuals with Disabilities Education Improvement Act] and the Louisiana Administrative Rules for Special Education."  (Doc. 23, pp 4-5).

On March 10, 2009, the School Board objected to plaintiffs' due process complaint.  The School Board submitted a challenge to the sufficiency of the due process hearing notice to the Independent Hearing Officer assigned to the case, and moved to dismiss the complaint on the grounds that several issues and proposed resolutions were outside of the subject matter jurisdiction of a due process hearing

3

request. On March 14, 2009, the Independent Hearing Officer issued a ruling dismissing the due process hearing request without prejudice on the grounds that "the complaint was not specific enough as to the denial of FAPE [free appropriate public education] or as to what portion of the IEP [individualized education program] was not implemented." (Doc. 23, pp. 5-7).

Plaintiffs filed an Amended Complaint on or about April 2, 2009. Plaintiffs allege that the School Board denied their requests for an independent educational evaluation of D.B., and the issuance of subpoenas duces tecum for documents in connection with the due process complaint. Plaintiffs also allege that the School Board did not make D.B.'s educational records available until ten days before the due process hearing was scheduled to occur; however, the Prehearing Order ordered the parties to disclose evidence intended to be introduced at the hearing before the plaintiffs received the educational record. (Doc. 23, pp. 7-9).

The hearing was held on June 8-10, 2009 (doc. 16-1, p.1). The independent hearing officer issued a written decision on June 22, 2009 (doc 23, p.10). Plaintiffs filed this lawsuit pursuant to the Individuals with Disabilities Education Improvement Act, Section 504 of the Rehabilitation Act of 1973 ("Section 504"), the 5th and 14th Amendments to the United States Constitution, 42 U.S.C. §1983 ("Section1983") and state tort law; and prayed for damages and relief including punitive damages, attorney's fees and litigation expenses (complaint, ¶43). Defendants "seek dismissal of plaintiffs' complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1)

or, alternatively, dismissal of the unexhausted claims and a stay of the action until full exhaustion is completed." (Doc. 16-1, p. 2).

## LAW AND DISCUSSION

A. <u>**Standard of Review**</u>:

Pursuant to Rule 12(b)(1), this Court "has the power to dismiss for lack of subject matter jurisdiction on any one of three separate bases: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *St. Tammany Parish, ex. rel. Davis v. Fed. Emergency Mgmt. Agency*, 556 F.3d 307, 315 (5th Cir. 2009). "The burden of proof for a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction." *Ramming v. U.S.*, 281 F.3d 158, 161 (5th Cir. 2001).

B. <u>**Exhaustion of Administrative Remedies & Futility Exception**</u>:

In order for a district court to have jurisdiction over a dispute, a plaintiff suing under Individuals with Disabilities Education Act must first exhaust his administrative remedies or alternatively show that exhaustion of the remedies is futile. 20 U.S.C.A. §1400; 1415(i)(2)(A); 1415(l); *Gardner v. Sch. Bd. Caddo Parish*, 958 F.2d 108, 112.[1] Here, defendants allege that plaintiffs have not exhausted the administrative

---

[1] 1415(i)(2)(A) provides in pertinent part that: "...any party aggrieved by the findings and decision made under subsection, shall have the right to bring a civil action with respect to the complaint present pursuant to this section, which action may be brought in any State court of competent jurisdiction or in a district court of

5

remedies because their "complaint encompasses more claims than they presented in the due process hearing." (Doc. 16-1, p. 2). The Fifth Circuit ruled on this issue in *Gardner v. Sch. Bd. Caddo Parish*, and held, in part, that "it is beyond doubt that the statute provides that a plaintiff must first exhaust the state administrative remedies before bringing an action in federal court." 958 F.2d 108 at 111.

In accordance with *Gardner,* with regard to plaintiffs' claims brought pursuant to the Individuals with Disabilities Education Improvement Act, the Court finds that plaintiffs have exhausted all administrative remedies available to them under the Individuals with Disabilities Education Improvement Act (the independent hearing officer issued a written opinion prior to plaintiffs' filing this lawsuit considering the unavailability of learning aides to D.B., whether the School Board provided the services required by D.B.'s individualized education program, the deficiency of D.B.'s behavioral intervention plan, and the teachers' inappropriate physical contact with D.B.); and, thus, this Court has subject matter jurisdiction over those claims. The

---

the United States, without regard to the amount in controversy."

1415(l) provides that: "Nothing in this chapter shall be construed to restrict or limit the rights, procedures, and remedies available under the Constitution, the Americans with Disabilities Act of 1990, title V of the Rehabilitation Act of 1973, or other Federal laws protecting the rights of children with disabilities, except that before the filing of a civil action under such laws seeking relief that is also available under this subchapter, the procedures under subsections (f) and (g) shall be exhausted to the same extent as would required had the action been brought under this subchapter."

6

Court also notes that plaintiffs reference the exception to the Individuals with Disabilities Education Improvement Act's exhaustion requirement by stating that:

> While judicial review is not normally available until the administrative proceedings have been exhausted, "parents may by-pass the administrative process where exhaustion would be futile or inadequate."

(doc. 23, p. 11, quoting *Gardner*, 958 F.2d 108 at 112). However, plaintiffs maintain, and the Court agrees, that they have exhausted the administrative remedies available to them; and, therefore, neither assert the applicability of the exception nor offer any support as to why the exception would apply in this case.

### C. Plaintiffs' Section 1983 Claims:

Defendants argue that plaintiffs are attempting to "side-step" the administrative exhaustion requirements of the Individuals with Disabilities Education Improvement Act by asserting, under Section 1983, claims that properly fall under the Individuals with Disabilities Education Improvement Act (doc. 16-1, p. 9). In so doing, defendants do not seriously contest whether administrative remedies were exhausted as to the claims asserted under the Individuals with Disabilities Education Improvement Act, but argue that the court lacks jurisdiction over the Section 1983 claims, because they were not brought by the plaintiffs, and addressed in the administrative review process.

The Court, however, notes that plaintiffs' Section 1983 claims are grounded in an allegation that D.B. was denied federal rights under the United States

Constitution because of his race. Thus, plaintiffs' Section 1983 claim imposes an additional burden on plaintiffs to prove that D.B. was denied rights because of his race. The Court also notes that the remedies provided under Section 1983 are different than those provided by the Individuals with Disabilities Education Improvement Act.

Under Section 1983, "In order to state a cause of action...a plaintiff must (1) allege a violation of rights secured by the constitution or laws of the United States and (2) demonstrate that the alleged deprivation was committed by a person acting under color of state law." *Doe v. Dallas Indep. Sch. Dist.*, 153 F.3d 211, 215 (5th Cir. 1998). Here, plaintiffs specifically assert that D.B.'s special education teacher "refused to work with and teach D.B., based on his race, African American." (Complaint, ¶18). Defendants allege that plaintiffs are attempting to "side-step" the Individuals with Disabilities Education Improvement Act's exhaustion requirement "by claiming to seek relief under some other guise" (doc. 16-1, p. 10). However, the Court does not consider plaintiffs' Section 1983 claims a "guise," and finds that plaintiffs' Section 1983 claims fall outside the scope of the Individuals with Disabilities Education Improvement Act. The Court is satisfied that plaintiffs properly alleged a cause of action under Section 1983, and thus plaintiffs need not exhaust the

Section1983 claim in accordance with the Individuals with Disabilities Education Improvement Act.[2]

Accordingly, the Court finds that the Section 1983 claims fall outside of the Individuals with Disabilities Education Improvement Act and are separate claims, which are not subject to the IDEA requirement of exhaustion of administrative remedies.

## CONCLUSION

For the foregoing reasons, the motion by defendants, West Baton Rouge Parish School Board, Cheryl Prendergast, Sharon Kaye French, and David Strauss (doc. 16) to dismiss pursuant to Rule 12(b)(1) is hereby **DENIED**.

Baton Rouge, Louisiana, August 31, 2010.

BRIAN A. JACKSON
UNITED STATES DISTRICT JUDGE
MIDDLE DISTRICT OF LOUISIANA

---

[2]Neither plaintiffs nor defendants cited a relevant Fifth Circuit case regarding the issue of whether the Individuals with Disabilities Education Improvement Act precludes a separate Section1983 claim that arises out of the same transaction or occurrence. The Court notes defendants' assertion that there is a "principle of law...consistently applied by the Fifth Circuit, undisturbed" (doc. 16-1, p.10). However, defendants cited no cases to support that proposition.